# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MARY ELLIS | CASE NUMBER: **4:10CR00416-005** |
| | USM NUMBER: 43670-279 |
| | |
| ☐ See Additional Aliases. | Vivian R. King |
| **THE DEFENDANT:** | Defendant's Attorney |

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.
☒ was found guilty on count(s) 1S, 2S, 3S, 4S, 5, 20, and 21 on May 4, 2011.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1347 and 1349 | Conspiracy to commit health care fraud | 08/31/2009 | 1S |
| 18 U.S.C. § 371 | Conspiracy to defraud the United States and to receive and pay health care kickbacks | 08/31/2009 | 2S |
| 42 U.S.C. § 1320a-7b(b)(1) and, 18 U.S.C. § 2 | Payment and receipt of health care kickbacks, aiding and abetting | 04/23/2007 | 3S |

☒ See Additional Counts of Conviction.

   The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the ____ .

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 14, 2012
Date of Imposition of Judgment

*/s/ Nancy F. Atlas*
Signature of Judge

**NANCY F. ATLAS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

February 22, 2012
Date

VM VM

DEFENDANT: **MARY ELLIS**
CASE NUMBER: **4:10CR00416-005**

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 U.S.C. § 1320a-7b(b)(1), (b)(2), and 18 U.S.C. § 2 | Payment and receipt care kickbacks, aiding and abetting | 02/21/2008 | 4S |
| 42 U.S.C. § 1320a-7b(b)(1), (b)(2), and 18 U.S.C. § 2 | Payment and receipt care kickbacks, aiding and abetting | 04/30/2008 | 5 |
| 42 U.S.C. § 1320a-7b(a)(2), and 18 U.S.C. § 2 | False statement for use in determining rights for benefits and payment by Medicare, aiding and abetting | 08/31/2009 | 20 |
| 42 U.S.C. § 1320a-7b(a)(2), and 18 U.S.C. § 2 | False statement for use in determining rights for benefits and payment by Medicare, aiding and abetting | 08/31/2009 | 21 |

☐ See Additional Counts of Conviction.

DEFENDANT: **MARY ELLIS**
CASE NUMBER: **4:10CR00416-005**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  63 months

This term consists of SIXTY-THREE (63) MONTHS as to Count 1S and SIXTY (60) MONTHS as to Counts 2S, 3S, 4S, 5, 20 and 21 , to run concurrently, for a total of SIXTY-THREE (63) MONTHS.

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____  ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☒ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **MARY ELLIS**
CASE NUMBER: **4:10CR00416-005**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years.
This term consists of THREE (3) YEARS as to Counts 1S, 2S, 3S, 4S, 5, 20 and 21, to run concurrently, for a total of THREE (3) YEARS.

☐ See Additional Supervised Release Terms.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state registration in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
         Sheet 3C -- Supervised Release
Case 4:10-cr-00416   Document 624   Filed in TXSD on 02/22/12   Page 5 of 8

Judgment -- Page 5 of 8

DEFENDANT: **MARY ELLIS**
CASE NUMBER: **4:10CR00416-005**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

The defendant is prohibited from possessing a credit access device, such as a credit card, unless first authorized by the probation officer.

The defendant shall adhere to the court-ordered schedule for the payment of a fine or restitution, if any.

DEFENDANT: **MARY ELLIS**

☐   See Additional Special Conditions of Supervision.

DEFENDANT: **MARY ELLIS**
CASE NUMBER: **4:10CR00416-005**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $700.00     |          | $401,000        |

A $100 special assessment is ordered as to each of Counts 1S, 2S, 3S, 4S, 5, 20 and 21, for a total of $700.

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| Medicare          |                 | $401,000.00             |                            |

☐ See Additional Restitution Payees.

| **TOTALS** | $0.00 | $401,000.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

   ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case  
             Sheet 6 -- Schedule of Payments

Case 4:10-cr-00416   Document 624    Filed in TXSD on 02/22/12   Page 7 of 8

Judgment -- Page 7 of 8

DEFENDANT: **MARY ELLIS**  
CASE NUMBER: **4:10CR00416-005**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $0.00 due immediately, balance due  
      ☐  not later than _____ , or  
      ☒  in accordance with  ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of _____ over a period of _____ , to commence _____ days after the date of this judgment; or

D  ☐  Payment in equal _____ installments of _____ over a period of _____ , to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

    Payable to: Clerk, U.S. District Court, Attn: Finance, P.O. Box 61010, Houston, TX 77208.

        The $700 special assessment is due in payments of 25% of any wages earned while in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any balance remaining after release from imprisonment shall be paid in equal monthly installments of $150 to commence 60 days after release to a term of supervision.

        * In reference to the amount below, the Court-ordered restitution shall be joint and several with any co-defendant, who will be ordered to pay restitution under this docket number as determined at the individual's sentencing.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

**Case Number**  
**Defendant and Co-Defendant Names**                                     **Joint and Several**          **Corresponding Payee,**  
**(including defendant number)**          **Total Amount**             **Amount**              **if appropriate**  
SEE COURT ORDEEDR ABOVE*  
4:10CR00416-005-Mary Ellis                 $401,000             $401,000  
4:10CR00416-001-Clifford Ubani*

☒  See Additional Defendants and Co-Defendants Held Joint and Several.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **MARY ELLIS**
CASE NUMBER: **4:10CR00416-005**

# ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 4:10CR00416-002-Ezinne Ubani* | | | |
| 4:10CR00416-003-Princewell Njoku* | | | |
| 4:10CR00416-004-Caroline Njoju | $631,295.20 | $401,000.00 | |
| 4:10CR00416-007-Cynthia Garza-Williams* | | | |
| 4:10CR00416-008-Adelma Casas Sevilla | $336,298.99 | $336,298.99 | |
| 4:10CR00416-009-Sammie Wilson | $56,992.11 | $56,992.11 | |
| 4:10CR00416-010-Florida Holiday Island | $59,739.78 | $59,739.78 | |
| 4:10CR00416-011-Margaret Pleasant* | | | |
| 4:10CR00416-013-Terrie Porter | $482,380.38 | $401,000.00 | |